FILED
SUPERIOR COURT
OF GUAM

2025 SEP 15 PM 4: 36

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ERIC S.N. SANTOS, | SPECIAL PROCEEDING. SP0049-23 |
| Employee-Petitioner, | |
| v. | |
| GUAM CIVIL SERVICE COMMISION, | **DECISION AND ORDER** |
| Respondent, | |
| v. | |
| DEPARTMENT OF CORRECTIONS | |
| Management-Real Party In Interest, | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on June 20, 2025, upon Management's Motion to Dismiss. Petitioner Eric S.N. Santos ("Petitioner") is represented by Attorney Joshua Walsh. The Department of Corrections ("Management") is represented by Assistant Attorney General Jay Matthew Strader. After reviewing the motions and oral arguments, and for the reasons set forth below, the Court DENIES Management's Motion to Dismiss.

## BACKGROUND

Petitioner was suspended by the Department of Corrections ("DOC") for alleged insubordination. *See,* Opening Brief, Sept. 30, 2025. DOC imposed an adverse action

suspension, which it deemed thirty days in length. *See,* Management's Mot. to Dis., Jan. 13, 2025. Petitioner believed it amounted to thirty-two days. *Id.* at 3. Petitioner alleged that the suspension violated statutes and regulations governing adverse actions, including Department of Administration Personnel Rules and Regulations ("DOAPRR") 11.301(B). *Id.* at 2.

On June 4, 2021, the Civil Service Commission ("CSC") issued a Decision and Order adopting the recommendations of its appointed Administrative Law Judge and denied Petitioner's pre-hearing requests for relief regarding witness testimony, DOC counsel's conduct, and the alleged thirty-two-day suspension. *Id.* In its January 24, 2023, Decision and Judgment, the CSC reduced the suspension from thirty days to fifteen days but otherwise upheld the adverse action. *Id.* Believing this decision to be in error, Petitioner sought reconsideration, which the CSC denied on March 2, 2023. *Id.* Petitioner filed this Petition for Judicial Review. *Id.*

Management filed a Motion to Dismiss on January 13, 2025, arguing that Petitioner failed to satisfy notice pleading requirements and that Petitioner's claims are moot. Petitioner filed an Opposition to Management's Motion to Dismiss on March 13, 2025. The court took the matter under advisement.

## DISCUSSION

To render a decision on Management's Motion to Dismiss, the Court must first determine whether Management's motion was timely and complied with the Scheduling Order issued. Secondly, the Court will examine whether Petitioner's Verified Petition for Judicial Review meets Guam's notice pleading standard. Lastly, the Court will analyze whether Petitioner's claims are moot since the CSC reduced Petitioner's suspension to 15 days.

## I. ALTHOUGH MANANGEMENT'S MOTION TO DISMISS IS TIMELY UNDER RULE GRCP 12 (h) (2) MANAGEMENT FAILED TO FOLLOW THE SCHEDULING ODER AND DISCOVERY PLAN AGREED UPON.

The Guam Rules of Civil Procedure ("GRCP ") govern the procedure in all suits of a civil nature, including special proceedings of which the court has jurisdiction. *Guam Police Department v. Civil Service Commission,* 2020 Guam 12, ¶12. Title 4 of the Guam Code

Annotated ("G.C.A.") § 4406 confers jurisdiction on the trial court to review CSC decisions to sustain, modify, or revoke adverse actions through a petition for judicial review. *Id.* at 14. Guam courts have adopted the practice of applying the Guam Rules of Civil Procedure when reviewing CSC judgments on a case-by-case basis. *Id.* GRCP 12 (h) (2) states a defense of failure to state a claim upon which relief may be granted, may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits. GRCP 16 (f) (c) states that parties in a proceeding must obey scheduling or other pretrial orders.

Here, Management argues that Petitioner has failed to satisfy notice pleading requirements. *Id.* at 2. Although Management titled their motion as Management's Motion to Dismiss, Management is seeking to dismiss Petitioner's Petition for Judicial Review under GRCP 12 (b) (6) for failure to state a claim in which relief can be granted. Petitioner argues that Management waived its ability to file a 12 (b) (6) motion since it Answered the case and then months later filed its Motion to Dismiss. *Id.* Under GRCP 12 (b) (6) and GRCP 12 (h) (2) the defense of failure to state a claim upon which relief may be granted, may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits. Although Management's Motion to Dismiss was timely under GRCP 12 (h) (2), Management failed to obey the scheduling order of the Court. The parties agreed and signed a Scheduling Order and Discovery Plan on May 31, 2025. The parties agreed no Dispositive motions are anticipated. *See,* Schedule Order and Discovery Plan, May 31, 2025. Management filed a Motion to Dismiss on January 13, 2025, after it was agreed upon that no dispositive motions were anticipated. Management failed to follow the Scheduling Order agreed upon.

## II.  PETITIONER HAS SATISFIED NOTICE PLEADING REQUIREMENTS.

GRCP 8 (a) states that a pleading which sets forth a claim for relief shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief to which the pleader seeks. When interpreting the plain language of Rule 8(a), courts in Guam have historically held that Guam law requires only notice pleading. *Ukase v. Wang*, 2016 Guam 26 ¶ 21. The plaintiff must give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.*

The Petition alleges that he was subjected to a 32-day suspension in violation of DOAPRR 11.301, which prohibits suspensions longer than 30 days for a single adverse action. *Id.* at 4. The Petition also argues that the CSC erred by denying Petitioner's pre-hearing motions to dismiss the improper suspension and by failing to prevent witness intimidation and exclusion, which impaired Petitioner's right to a fair hearing. *Id.* at 5.

These allegations provide Management sufficient notice of the claims and the legal basis for relief sought, fulfilling Guam's notice pleading standard. The petition identifies the basis of this Court's jurisdiction, asserts that Petitioner was subjected to an unlawful thirty-two-day suspension in violation of DOAPRR 11.301(B), and challenges the CSC's errors in denying his pre-hearing motions and allowing witness intimidation and exclusion that impaired his right to a fair hearing. These allegations, coupled with Petitioner's request for relief, provide Management with fair notice of the nature of the claims.

The Court finds that Petitioner has met notice pleading requirements.

## III. PETITIONER'S CLAIM IS NOT MOOT EVEN THOUGH THE CSC REDUCED PETITIONER'S SUSPENSION TO 15 DAYS.

Mootness is a threshold jurisdictional issue under the well-settled concept that courts may not give opinions upon moot questions or abstract propositions. *Linsangan v. Government of Guam*, 2020 Guam 27 ¶ 30. A claim becomes moot only when the issues are no longer live or the parties lack a legally cognizable interest in the outcome. *Id.* Intervening events or changed circumstances that make it impossible for a reviewing court to grant the complaining party effectual relief will render a case moot. *Id.*

Management argues that Petitioner's claims are moot since the CSC reduced his suspension to 15 days. *Id.* at 5. However, the Petitioner's claim is not moot since DOC allegedly suspended him for 32 days. The Petitioner was allegedly given a 32-day suspension, which violated DOAPRR 11.301's cap of 30 workdays for a single adverse action. That suspension was issued by his employer and stood as the operative adverse action at the time of the CSC appeal. The later CSC downward modification to 15 days did not address the fact that Petitioner's other statutory and due process rights were allegedly violated when the unlawful 32-day suspension was imposed and the conduct or events occurring at the CSC hearings itself.

The Court finds that Petitioner's claims are not moot.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Management's Motion to Dismiss.

**IT IS SO ORDERED:** _____SEP 1 5 2025_____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**